IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MCI WORLDCOM COMMUNICATIONS, INC.,
a Delaware corporation; MCIMETRO
ACCESS TRANSMISSION SERVICES LLC,
a Delaware corporation, and intervenor
FLORIDA DIGITAL NETWORK, INC.,

      Plaintiffs,

vs.                                                                                                    CASE NO.: 4:01cv492-SPM

BELLSOUTH TELECOMMUNCATIONS, INC.,
a Georgia corporation; the FLORIDA PUBLIC
SERVICE COMMISSION; E. LEON JACOBS,
JR., in his official capacity as Chairman of the
Florida Public Service Commission; and J.
TERRY DEASON, LILA A. JABER, BRAULIO
L. BAEZ and MICHAEL A. PALECKI, in their
official capacities as Commissioners of the
Florida Public Service Commission,

      Defendants.
_____/

## **ORDER**

Pending before the Court is MCI's petition for further relief (doc. 73). MCI seeks a post-judgment order from this Court directing the Florida Public Service Commission (Commission) to ensure that MCI is recompensed for alleged overpayments MCI made to BellSouth pursuant to UNE rates that the Court invalidated. The Commission and BellSouth filed responses in opposition to the relief sought (docs. 78, 80). MCI requested leave to file a reply (docs. 89 and 90),

which the Commission opposes (doc. 91).

MCI describes the relief that it seeks as a "true-up" to account for any overpayments made by MCI to BellSouth during the period that the invalidated UNE rates were in effect. Ordering this relief post-judgment, MCI contends, is authorized under 28, United States Code, Section 2202, which states: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." In the alternative, MCI cites to Federal Rule of Civil Procedure 59(e) as a means to alter the judgment to include the requested relief.

BellSouth and the Commission contest the relief sought by MCI on procedural and equitable grounds. Both BellSouth and the Commission complain about the lateness of MCI's request, noting that MCI did not request a true-up in its pleadings or anytime prior to the entry of final judgment. BellSouth further claims prejudice as a result of MCI's lateness, contending that had BellSouth known MCI would request a true-tup, BellSouth would have sought an expedited decision from this Court to avoid the possibility of a significant monetary claim or BellSouth would have otherwise accounted for the claim as a business matter. The Commission contends MCI's failure to give prior notice precludes relief under 28 U.S.C. § 2202. The Commission further contends that MCI could have requested a true-up prior to judgment and therefore Rule 59 is not an appropriate vehicle to seek such relief.

On equitable grounds, BellSouth argues that ordering a true-up for MCI is not appropriate because no similar true-up is available to BellSouth. BellSouth explains that MCI has had access to elements of BellSouth's network as the result of prior

FCC regulations that have since been invalidated. MCI benefitted from the access and BellSouth was harmed, but there is no means to recompense BellSouth.

Both BellSouth and the Commission argue in the alternative that, if further relief is not denied, the matter should be deferred until the pending appeal to the United States Court of Appeals, Eleventh Circuit, is resolved. The Commission further argues that determining the propriety of a true-up at this time is premature because the new UNE rates, if required after appeal, could be higher than the rates that were invalidated.

As an initial matter, the Court finds that MCI's request for further relief in the form of a true-up is not fatally late. Relief in the form of monetary recompense may be ordered under 28 U.S.C. § 2202 after a declaratory judgment, even if the relief was not specifically demanded in the complaint. Edward B. Marks Music Corp. v. Charles K. Harris Music Publ'g Co., 252 F.2d 518, 522, 523 (2d Cir. 1958). It is enough that the complaint for declaratory judgment request further relief as the Court deems just and proper, which MCI has done. See doc. 1 at ¶ 57.

Although BellSouth claims prejudice as a result of MCI's delay, BellSouth does not argue that further relief would be barred by laches[1]. The record, furthermore, shows that MCI's claim for further relief was adequately pleaded, that it could be reasonably anticipated by BellSouth and, if not, then MCI's delay in

---

[1] "The equitable doctrine of laches will bar a claim when three elements are present: '(1) delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted.'" Venus Lines Agency, Inc. v. CVG Int'l Am. Inc., 234 F.3d 1225, 1230 (quoting Kason Indus., Inc. v. Component Hardware Group, Inc., 120 F.3d 1199, 1203 (11th Cir. 1997).

specifying the further relief was excusable[2]. So long as a petition for further relief is not barred by laches, and MCI's petition is not, the petition can be heard. <u>Horn & Hardart Co. v. Nat't R,R, Passenger Corp.</u>, 659 F.Supp. 1258, 1263 (D.D.C. 1987). A petition made even after a case is returned on appeal can be heard absent laches. <u>Id.</u>

In fact, BellSouth and the Commission make an alternative argument that the decision to grant or deny further relief should be deferred until after the appeal of this case. The Commission also argues that any decision on further relief would be premature until the new UNE rates are determined, which would require a further deferral.

The Court agrees that the new UNE rates are an important consideration in determining whether MCI is entitled to further relief. A determination of the equities in this case is further complicated by the fact that prior FCC regulations allowing MCI to lease certain network elements from BellSouth have been invalidated. A reasoned decision on MCI's request for further relief cannot be made until these factors can be weighed. The Commission, furthermore, is in the best position to fashion any relief that may be appropriate on remand. Accordingly, it is

ORDERED AND ADJUDGED:

1.   MCI's motion for leave to file a reply (doc. 89) is granted and the reply

---

[2] In February 2005, the United States Court of Appeals, Eleventh Circuit, held that monetary recompense, such as a true-up, is available in cases brought under the Telecommunications Act of 1996, 47 U.S.C. § 252. Prior to that ruling, MCI's position was that the state public service commission should have the opportunity to decide first whether to grant such relief or not before a court could order it.

(doc. 90) is accepted.

2. MCI's petition for further relief (doc. 73) is denied. The denial is without prejudice to MCI's opportunity to renew its petition for further relief within 30 days of the Commission's final order on remand.

3. On remand the Commission may order relief in the form of a true-up upon consideration of the new UNE rates as compared to the invalidated UNE rates, the harm suffered by BellSouth due to the invalidated FCC regulations, and any other factor that may be appropriate.

DONE AND ORDERED this 27th day of July, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge